IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CUTBERTO CARRENO CASTANEDA | § | |
| | § | |
| V. | § | A-11-CA-549-LY |
| | § | |
| RICK THALER | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1);[1] Petitioner's memorandum in support (Document 2); and Respondent's Answer (Document No. 21). Petitioner did not file a response thereto. Petitioner, proceeding pro se, has paid the filing fee for his case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

Petitioner does not challenge his holding convictions out of Dallas County. Instead, he challenges disciplinary case 20100371532 in which Petitioner was found guilty of mailing an unknown white powdery substance to a federal district court in violation of federal terrorism laws.

---

[1] Petitioner originally filed his application in the San Antonio Division, but that Court issued an Order of Recusal and transferred the case to this Court because Petitioner was disciplined for mailing suspicious substances to the San Antonio District Court. See Docket Entry No. 3.

As a result of the disciplinary case, Petitioner received a reprimand, lost thirty days of commissary privileges, lost fifteen days of recreation privileges, and had his time-earning classification reduced from S4 to L2. Petitioner did not lose any good time credits. Petitioner utilized the prison grievance system to challenge the finding of guilt. Both his Step 1 and Step 2 grievances were denied. Respondent does not contest that Petitioner has exhausted his administrative remedies regarding the claims brought in this application.

## DISCUSSION AND ANALYSIS

### A.    Punishment

Petitioner's reprimand and loss of privileges did not trigger the Due Process Clause. In Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." Id.

To the extent Petitioner challenges his change in time-earning class these allegations also do not present grounds for federal habeas corpus relief. The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Similarly, the loss of the opportunity to earn good-time credits, which might lead to an earlier parole, does not give rise to a due process claim. Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. Madison, 104 F.3d at 768; Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir.1995).

### B.     Retaliation

Petitioner asserts that the disciplinary action was taken in retaliation for his filing grievances and a civil rights lawsuit on May 17, 2010. Petitioner's civil rights lawsuit was received by the United States District Court for the Northern District of Texas, Dallas Division, on May 19, 2010. Petitioner alleged, among other things, that his soup, coffee and baby powder were poisoned at the Connally Unit. See Carreno v. Jeffery LNU, No. 3:10-CV-1017-D (N.D. Tex.). The Dallas court transferred the case to the United States District Court for the Western District of Texas, San Antonio Division, on May 24, 2010. See Carreno v. Jeffery LNU, No. 5:10-CV-462 (W.D. Tex.). On August 17, 2010, the Court dismissed Petitioner's complaint as frivolous.[2]

On August 23, 2010, three months after he filed his original complaint, Petitioner mailed to the San Antonio court an envelope containing powder from his Ramen Noodle packets and his baby powder. Petitioner contends the powder was evidence for his civil rights case to prove he had been poisoned. However, when the envelope was received in the mailroom for the San Antonio court, the Hazardous Materials Team was called, and the courthouse was evacuated. Petitioner was subsequently charged with mailing an unknown white powdery substance to a federal district court in violation of federal terrorism laws. Petitioner received notice of the disciplinary charges on August 30, 2010. See DHR at 1.

To state a retaliation claim, Petitioner "must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003). The burden

---

[2] The Fifth Circuit affirmed the dismissal on April 27, 2011. See Carreno v. Jeffrey LNU, No. 10-50926 (5th Cir. 2011).

placed on the inmate to demonstrate a valid retaliation claim is "significant," and "[m]ere conclusionary allegations of retaliation" are insufficient. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). To meet his burden, Petitioner must "produce direct evidence of motivation," or he must "allege a chronology of events from which retaliation may plausibly be inferred." Id. Retaliation may be inferred from the exercise of the protected right to complain followed by an adverse act. Id. at 1164.; Gibbs v. King, 779 F.2d 1040, 1042 (5th Cir. 1986).

Petitioner's retaliation claim fails, because Plaintiff has not adequately shown that a retaliatory motive was the but-for cause of the disciplinary charge. See Woods, 60 F.3d at1166 ("To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate."); Johnson v. Rodriguez, 110 F.3d 299, 313 n. 19 (5th Cir.1997) ("Unless the complained of action would not have taken place 'but for' the retaliatory animus, then the retaliation claim has not been made out."). In this case, Petitioner admits he mailed an envelope containing powder to the San Antonio courthouse on August 23, 2010. Regardless of his motives, this caused the courthouse to be evacuated and disrupted the federal judicial system. Shortly thereafter, Petitioner was disciplined for his acts. There is absolutely no suggestion the disciplinary charges were filed in retaliation for Petitioner's civil rights lawsuit filed three months earlier.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of November, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE